UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEITH WIGGINS | ) | 1:08-CV-01175 OWW JMD HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING CERTIFICATE OF APPEALABILITY |
| | ) | |
| v. | ) | |
| | ) | |
| J.F. SALAZAR, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Keith Wiggins ("Petitioner") is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On May 13, 2009, the Court denied the petition for writ of habeas corpus, finding that there was some evidence in the form of the commitment offense to support the denial of parole. The Court further found that a certificate of appealability was not required to proceed on appeal to the United States Court of Appeals for the Ninth Circuit

On May 21, 2009, Petitioner appealed the Court's decision to the Ninth Circuit. On May 18, 2010, pursuant to new Ninth Circuit authority,[1] the case was remanded to the district court for the limited purpose of granting or denying a certificate of appealability.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides that a circuit judge or judge may

---

[1] *Hayward v. Marshall*, __ F.3d __, 2010 WL 1664977, * 3-5 (9th Cir. 2010) (en banc). As noted in the Ninth Circuit's order remanding this case to the district court, the *Hayward* decision overruled previous Ninth Circuit authority that relieved a prisoner from obtaining a certificate of appealability where the prisoner was challenging the denial of parole.

issue a certificate of appealability where "the applicant has made a substantial showing of the denial of a constitutional right." Where the court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 123 S. Ct. at 1034; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 123 S. Ct. at 1040.

Here, the Court finds that reasonable jurists would disagree on whether there was some evidence of Petitioner's current dangerousness. As enunciated by the Ninth Circuit, the current standard for courts in this circuit is "whether the California judicial decision approving the governor's decision rejecting parole was an "unreasonable application" of the California "some evidence" requirement, or was "based on an unreasonable determination of the facts in light of the evidence." *Hayward*, 2010 WL 1664977 at *11 (quoting 28 U.S.C. § 2254(d)(1) and (2)). Under California law, the inquiry is whether there was some evidence to support the finding that Petitioner is currently dangerous. *See In re Lawrence*, 44 Cal.4th 1181, 1205 (2008). The Ninth Circuit's precedent regarding the use of the commitment offense to evidence parole unsuitability has contained language that the use of the commitment offense prior to Petitioner having served the minimum sentence comports with due process. *Irons v. Carey*, 505 F.3d 846, 853 (9th Cir. 2007), *overruled in part on other grounds*, *Hayward v. Marshall*, __ F.3d ___, 2010 WL 1664977, *19 (9th Cir. 2010) (en banc). California law seemingly contains no such exception. Thus, the Court grants a certificate of appealability on the issue of whether sole reliance on Petitioner's commitment offense and other immutable factors comports with due process where Petitioner has not yet served his minimum sentence at the time of the denial of parole.IT IS SO ORDERED.

Dated:   **June 2, 2010**                    **/s/ Oliver W. Wanger**
                                                    UNITED STATES DISTRICT JUDGE